**E-FILED**
Tuesday, 29 March, 2016  11:11:30 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **DONALD L. DIPPEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 14-CV-3323** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

On February 25, 2016, Magistrate Judge Tom Schanzle-Haskins filed a Report and Recommendation (d/e 18).  On March 11, 2016, Plaintiff Donald Dippel filed his Objection to the Report and Recommendation (d/e 19).  Respondent Carolyn W. Colvin, Acting Commissioner of Social Security, filed a response (d/e 20, 21).

Upon careful review of the record and the pleadings, the Court agrees with the Magistrate Judge that the Administrative Law Judge's (ALJ) decision was supported by substantial evidence. Plaintiff's Objections to the Magistrate Judge's Report and

Recommendation (d/e 19) are DENIED.  This Court ADOPTS the Magistrate Judge's Report and Recommendation (d/e 18) in full. Plaintiff's Motion for Summary Judgment (d/e 13) is DENIED, and Defendant's Motion for Summary Affirmance (d/e 16) is GRANTED. The decision of the Commissioner is AFFIRMED.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to."  Although this Court does not need to conduct a new hearing on the entire matter, the Court must give "fresh consideration to those issues to which specific objections have been made."  12 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure  § 3070.2 (2d ed. 1997); Wasserman v. Purdue Univ. ex rel. Jischke, 431 F. Supp. 2d 911, 914 (N.D. Ind. 2006).

If no objection is made, or if only a partial objection is made, the Court reviews the unobjected to portions for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). This Court may "accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed.R.Civ.P. 72(b)(3).

In conducting this de novo review, the Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence.  See Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986).  If the decision has such support, the Court may not substitute its judgment for that of the ALJ.  See Id.  "Substantial evidence is only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Nelson v. Apfel, 131 F.3d 1228, 1234 (7th Cir. 1997).

This Court will not review the credibility determinations of the ALJ unless the determinations lack any explanation or support in the record.  Elder v. Astrue, 529 F.3d 408, 413-14 (7th Cir. 2008).  The ALJ must articulate at least minimally her analysis of all relevant evidence, Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994), and "the [ALJ's] decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues," Lopez ex rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003).  Additionally, the ALJ must "build an accurate and logical bridge from the

evidence to his conclusion." Clifford v. Apfel, 227 F.3d 863, 872
(7th Cir. 2000).

## II. BACKGROUND

The Court adopts the factual findings made by the Magistrate
Judge. To summarize, Plaintiff was born September 18, 1965. He
filed his application for Supplemental Security Income Disability
benefits (SSI) on November 16, 2011.

In December 2011, Plaintiff underwent a two-level anterior
cervical fusion at the C5-C6 and C6-C7 levels. After initially
reporting that he was "doing fairly well," Plaintiff claims he
reinjured his neck getting out of his brother's van in early February
2012. Thereafter, he continued to complain of pain.

In her decision, the ALJ applied the five-step analysis set forth
in the Social Security Regulations (20 C.F.R. §§ 404.1520). At Step
1, the ALJ found Plaintiff had not engaged in substantial gainful
employment since November 16, 2011, the application date. ALJ
Decision R. 13. The ALJ found that Plaintiff suffered from the
severe impairments of cervical degenerative disc disease with
residual radiculopathy into the bilateral upper extremities, and
ischemic heart disease (Step 2), but that the impairments or

combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Step 3).  Id. at 13-14.

At Step 4, the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. § 416.967(b) except that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently; Plaintiff could never climb ladders, ropes, or scaffolds; Plaintiff could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; Plaintiff could no more than occasionally reach overhead bilaterally; and Petitioner could "no more than frequently handle and finger." Id. at 14.

The ALJ found that Plaintiff had no past relevant work.  R. 20. The ALJ concluded, however, that Plaintiff could perform a significant number of jobs in the national economy, including bench assembly small parts; subassembly, electrical; document preparer; addressor; and assembly bench (Step 5).  Id. at 21.  The vocational expert testified at the hearing that the bench assembly small parts and the subassembly electrical positions were classified as "light" positions while the document preparer, addressor, and assembly bench positions were classified as "sedentary" position.  R. 73-74.

When the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff appealed, arguing that the ALJ committed reversible error by cherry-picking evidence that supported the ALJ's conclusion and that the ALJ's credibility determination was not supported by substantial evidence.

On February 25, 2016, Magistrate Judge Schanzle-Haskins issued a Report and Recommendation finding the ALJ's decision was supported by substantial evidence and recommending that Defendant's Motion for Summary Affirmance be allowed and Plaintiff's Motion for Summary Judgment be denied.

### III. ANALYSIS

Plaintiff objects to the Magistrate Judge's Report and Recommendation and argues that reversal is required because the ALJ's decision is not supported by substantial evidence. Plaintiff argues that the ALJ cherry-picked the evidence and used the resulting absence of evidence to undermine Plaintiff's credibility.

Specifically, Plaintiff argues that the ALJ misread the April 2012 MRI when she noted that it showed "no ongoing encroachment." Pl. Obj. at 2, citing R. 18. In fact, Plaintiff says,

the MRI showed "marked neural foraminal encroachment."[1]  Pl. Obj.

at 2, citing R. 457-58 (also stating "[n]eural foraminal

encroachment . . . seen at some cervical levels . . . all of which

remains similar to that seen on 10/27/2011.").  Plaintiff also

challenges the ALJ's characterization of the May 2012 post-surgical

EMG/nerve conduction study.  Pl. Obj. at 2, citing R. 509.

Plaintiff further challenges the ALJ's reliance on the report of

Dr. Chapa, the State agency physician who examined Plaintiff,

when finding Plaintiff was not entirely credible.  Dr. Chapa

examined Plaintiff shortly after his surgery when Plaintiff reported

he was doing well but that Plaintiff subsequently reinjured his neck

getting out of his brother' s van.  Plaintiff asserts that clinical

medical findings and objective studies performed after the van

incident support Plaintiff's claim that his condition worsened.

Moreover, Dr. Chapa did not have the benefit of the April 2012 MRI.

---

[1] "Foraminal encroachment means that degeneration of the spinal cord has caused an obstruction of the foramina, which are the open spaces on either side of the vertebrae through which spinal nerves pass on their way to other parts of the body."
https://www.laserspineinstitute.com/back_problems/foraminal_stenosis/encroachment/ (last visited March 28, 2016); see also Dorland's Illustrated Medical Dictionary at 730, 739 (32nd Ed. 2012) (defining "neural f." as "f. intervertebrale" and defining "foramen" as "a natural opening or passage especially one into or through a bone").

Finally, Plaintiff disputes the ALJ's conclusion that Plaintiff's condition improved after the surgery because the medical evidence following the surgery showed "severe problems."  Pl. Obj. at 3, 7.

The Court finds that the ALJ did not cherry-pick the evidence, that that both the ALJ's credibility determination and decision are supported by substantial evidence.

The ALJ found that Plaintiff suffered from the severe impairment of cervical degenerative disc disease with residual radiculopathy into the bilateral upper extremities.  R. 13.  The ALJ also found that Plaintiff's impairments could be reasonably expected to cause the alleged symptoms.  R. 15; R. 17 (noting that Plaintiff "does have impairments that can be anticipated to produce a certain amount of pain").  The ALJ nonetheless found that the record did not demonstrate that Plaintiff had the limited range of motion, muscle spasms, muscle atrophy, motor weakness, sensation loss, difficulty ambulating, or reflex abnormalities associated with disabling and intense pain.  R. 17.  The ALJ also found that Plaintiff's claims of limited functional capacity were not demonstrated by the medical records.  The medical records the ALJ cited included medical record postdating the surgery and the van

incident that purportedly reinjured Plaintiff's neck.  <u>See</u> R. 17-18, 390-94, 426, 460, 530, 539, 547, 549, 552, 558, 564, 570, 578. The Court finds that the evidence the ALJ cited constitutes substantial evidence supporting the ALJ's decision.

Plaintiff is correct that the April 2012 MRI found "marked neural foraminal encroachment" at the C3-4 level, the C5-6 level, and the C6-7 level on the right side (mild to moderate on the left). R. 457-58.  The ALJ, citing the November 2012 CT scan (R. 535-36) (but referring to it as an MRI), noted that the report indicated "postoperative changes appearing in expected position and alignment, and some degenerative changes (Exhibit 16F, 7 [R.536]), with no ongoing encroachment noted."  R. 18.  The medical record the ALJ examined (R. 535-36) did not note whether there was any neural foraminal encroachment and, therefore, the statement that "no ongoing encroachment noted" was correct as to the document the ALJ cited.

As Plaintiff notes, an ALJ does not have to mention every piece of evidence in the record, but she cannot overlook evidence that conflicts with her ultimate conclusion.  <u>See</u> <u>Herron</u>, 19 F. 3d at 333; <u>Gomez v. Colvin</u>, 73 F. Supp. 3d 921, 928 (N.D. Ill. 2014).  Here, the

ALJ considered the April 2012 MRI when she addressed the February 2013 emergency room records, which contained the April 2012 MRI report.  See R. 17, citing R. 555.  The ALJ noted that the MRI showed "neural foraminal encroachment at some cervical levels similar to that seen in October 2011."  R. 17.  The ALJ was clearly aware of the existence of neural foraminal encroachment.  However, the existence of neural foraminal encroachment does not, standing alone, render Plaintiff disabled.  The existence of "diagnoses and symptoms [do] not mean the ALJ was required to find that [the plaintiff] suffered disabling impairments."  Skinner v. Astrue, 478 F.3d 836, 845 (7th Cir. 2007).

Plaintiff also argues that the ALJ failed to acknowledge that the May 2012 EMG/nerve conduction study showed "marked" abnormalities and that Dr. Dove, in the same report, noted that Plaintiff had "obvious evidence of persistent and progressive weakness of the right hand, particularly involving the thumb, index, and middle finger." Pl. Obj. at 2, citing R. 509.  However, the ALJ clearly considered the EMG/nerve conduction study and acknowledged that it was abnormal and showed that Plaintiff had cervical radiculopathy.  R. 17.  The ALJ also noted that the study

did not show peripheral neuropathy or carpal tunnel syndrome, among other impairments.  R. 17.  Although the ALJ did not mention the notation about obvious evidence of weakness in the right hand, the ALJ did adjust Plaintiff's residual functional capacity to account for only frequent handling and fingering, as well as other postural limitations.  R. 18.

Plaintiff also argues that the ALJ cherry-picked evidence when concluding that the surgery was generally successful in treating Plaintiff's cervical condition.  However, substantial evidence supports this conclusion.  The ALJ cited to Plaintiff's report of improvement following surgery and the EMG following surgery that showed "some cervical radiculopathy" but no "evidence of a more diffuse peripheral polyneuropathy or specific distal nerve entrapment or compressive syndrome affecting the median or ulnar nerve such as carpal tunnel or cubital tunnel syndrome."  R. 18 (citing Dr. Dove's report at R. 510).   The ALJ cited the physical therapy records which showed improvement with range of motion overall.  R. 18, citing March 19, 2012 physical therapy note, R. 438 (but physical therapy note also states that "pain still persists").  The ALJ cited Dr. Fulbright's review of the April 2012 MRI scan and his

belief that there was no significant cord compression and that

further surgery would not benefit Plaintiff.  R. 18, citing R. 530.

Moreover, although the ALJ found the surgery generally successful,

the ALJ also concluded that Plaintiff nonetheless suffered from the

severe impairment of cervical degenerative disc disease with

residual radiculopathy into the bilateral upper extremities and

continued to experience pain.  R. 13, 15, 18.  The ALJ simply did

not find credible the extent of pain Plaintiff claimed.  Again, the

ALJ's conclusions are supported by substantial evidence.

Plaintiff also challenges the ALJ's credibility determination.

The ALJ did not find Plaintiff entirely credible.  R. 19.  If the

claimant's statements about his symptoms are not substantiated by

objective medical evidence, the "adjudicator must make a finding on

the credibility of the individual's statements based on a

consideration of the entire case record."  Social Security Ruling

(SSR) 96-7p (Policy Interpretation Ruling Title II and XVI:

Evaluation of Symptoms in Disability Claims: Assessing the

Credibility of an Individual's Statements); Villano v. Astrue, 556

F.3d 558, 562 (7th Cir. 2009) (noting that "the ALJ may not

discredit a claimant's testimony about her pain and limitations

solely because there is no evidence supporting it"); see also

Sienkiewicz v. Barnhart, 409 F.3d 798, 804 (7th Cir. 2005) (noting

that while an "ALJ may not disregard an applicant's subjective

complaints of pain simply because they are not fully supported by

objective medical evidence . . . a discrepancy between the degree of

pain claimed by the applicant and that suggested by medical

records is probative of exaggeration").  The ALJ must consider the

individual's daily activities; the location, duration, frequency, and

intensity of the individual's pain or other symptoms; factors that

precipitate and aggravate the symptoms; the type, dosage,

effectiveness, and side effects of any medication the individual takes

for her pain or symptoms; treatment received for relief of the pain or

other symptoms; and other measures the individual uses to relieve

the pain or symptoms.  SSR 96-7p.

In this case, the ALJ adequately explained her credibility

finding.  The ALJ found that the medical records did not support

the extremely limited functional capacity Plaintiff claimed.  R. 19.

The ALJ noted Plaintiff's complaints and statements about

Plaintiff's daily activities.  R. 15.  The ALJ noted Plaintiff's

emergency room visits and that Plaintiff was given pain medication

and discharged home with improvement to his pain.  R. 19.  The ALJ found Plaintiff's credibility was affected by Plaintiff's allegations that did not appear to be supported by the medical record, like his claim that he was advised to use a cane and not lift more than 10 pounds.  R. 18.  Upon a review of the entire record, the Court finds that ALJ's credibility determination is supported by substantial evidence.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Objection to Report and Recommendation (d/e 19) is DENIED.

(2) The Report and Recommendation (d/e 18) is ACCEPTED by this Court.

(3)  Defendant's Motion for Summary Affirmance (d/e 16) is GRANTED and Plaintiff's Motion for Summary Judgment (d/e 13) is DENIED.

(4) This case is closed.

**ENTER: March 28, 2016**

**FOR THE COURT:**

                        **s/ Sue E. Myerscough**
                        **SUE E. MYERSCOUGH**
                        **UNITED STATES DISTRICT JUDGE**